UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

FRANK JOHN DEFEO,

                              Petitioner,                    08 Civ. 7513

          -against-                                          OPINION

HARLEY G. LAPIN
(Director of United States Bureau
of Prisons),

                              Respondent.

------------------------------------X

A P P E A R A N C E S:

          Attorney for Petitioner

          SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A.
          11921 Rockville Pike
          Rockville, MD 20852-2743
          (301) 255-0559
          By:  David I. Schoen, Esq.


          Attorneys for Respondent

          LEV L. DASSIN
          Acting United States Attorney for the
            Southern District of New York
          U.S. Attorney's Office, SDNY
          One St. Andrew's Plaza
          New York, NY 10007
          By:  Jeffrey E. Alberts, Esq.
                 Assistant U.S. Attorney

**Sweet, D.J.**

Petitioner, Frank John DeFeo ("DeFeo" or the "Petitioner"), seeks a writ of mandamus under Title 28, United States Code, Section 1361 to compel Harley G. Lappin, the Director (the "Director") of the United States Bureau of Prisons ("BOP") to file a motion for modification of DeFeo's term of imprisonment under Title 18, United States Code, Section 3582(c)(1). Upon the Government's opposition, the petition is denied.

The petition sets out the basis for an exercise of compassion given DeFeo's acknowledged medical ailments and his assistance to the Government during his term of incarceration. Putting himself at significant risk, DeFeo's voluntary actions led, among other things, to the identification and removal of a significant number of corrupt Bureau of Prisons employees as well as the recovery of contraband and illegal narcotics. Regrettably, there is no jurisdiction to entertain the writ.

## Prior Proceedings

The original indictment against Defeo, 90 Cr. 250 (MJL), was returned in five counts on April 26, 1990.

1

Indictment S1 90 Cr. 250 (MJL) was returned in five counts on
February 19, 1991. Indictment S2 90 Cr. 250 (MJL) was filed on
February 19, 1991, in five counts. Count One charged DeFeo with
conspiring to (i) possess, with intent to distribute, cocaine
and heroin; (ii) import heroin; and (iii) employ a minor in
narcotics trafficking, in violation of 21 U.S.C. §§ 846 and 963.
Count Two charged DeFeo with employing a minor in the drug
trade, in violation of the former 21 U.S.C. § 845b(a)(1), now
codified at 21 U.S.C. § 861(a)(1). Count Three charged
possession with intent to distribute heroin, in violation of 21
U.S.C. § 841 (a)(1) and (b)(1)(C). Count Four charged
importation of more than 100 grams of heroin into the United
States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and
960(b)(2)(A). Count Five charged possession with intent to
distribute more than 100 grams of heroin, in violation of 21
U.S.C. § 841(a)(1) and (b)(1)(B).


        Trial commenced before the Honorable Mary J. Lowe on
May 14, 1991, and ended on May 23, 1991, when the jury found
DeFeo guilty on all counts. After obtaining various
adjournments of sentencing, DeFeo filed his first motion for a
new trial on August 9, 1993, pursuant to Rule 33, Fed. R. Crim.
P. The Court denied that motion on June 6, 1994. DeFeo
thereafter filed a second Rule 33 motion for a new trial on

                              2

April 28, 1995. That motion was denied by an Opinion and Order
of the Court dated December 27, 1996.

On June 6, 1997, Judge Lowe sentenced DeFeo to a term
of 360 months' incarceration, to be followed by a life term of
supervised release, and a mandatory special assessment.
Judgment was entered on June 24, 1997.

DeFeo subsequently appealed his conviction to the
Second Circuit Court of Appeals. The Second Circuit affirmed
DeFeo's conviction by summary order dated May 20, 1998, United
States v. DeFeo, 1998 WL 391115 (2d Cir. May 20, 1998), and
denied rehearing by order dated July 17, 1998.

On August 23, 1999, DeFeo filed a motion pursuant to
28 U.S.C. § 2255 alleging that he had been denied
constitutionally effective assistance of counsel. New counsel
filed a memorandum in support of the petition on April 28, 2000,
and amended the petition by letter of August 1, 2000 to include
an Apprendi claim. This Court denied DeFeo's § 2255 motion in
an order dated July 25, 2001. See United States v. DeFeo, 153
F. Supp. 2d 453 (S.D.N.Y. 2001). The Second Circuit dismissed
DeFeo's appeal from that order on March 25, 2002.

On January 19, 2005, DeFeo filed a motion to permit
successive § 2255 petitions, which the Second Circuit denied on
February 18, 2005.

On September 30, 2006, DeFeo moved to compel the
Government to file a motion under Rule 35(b), Fed. R. Crim. P.,
to reduce his sentence. On January 22, 2007, the Court denied
the Rule 35 motion without prejudice.

On April 22, 2008, DeFeo filed a motion for
modification of his term of imprisonment under 18 U.S.C. §
3582(c)(1) or, in the alternative, for a writ of mandamus under
28 U.S.C. § 1651. On June 26, 2008, the Court denied these
motions. The motion to modify the terms of DeFeo's imprisonment
was denied on the ground that the Government and the BOP had not
moved to reduce his sentence, as required by statute, and DeFeo
failed to make a threshold showing that these refusals to move
were based on a suspect reason or were not rationally related to
any legitimate Government end. United States v. Defeo, No. 90
Cr. 250 (RWS), 2008 WL 2557425, at *4 (S.D.N.Y. June 26, 2008).
The petition for a writ of mandamus was denied on the ground
that DeFeo failed to allege that he resided in, or was confined
in, the Southern District of New York. Id. The Court granted
DeFeo leave to replead the petition for a writ of mandamus if he

4

could show that his legal residence was the Southern District of
New York.  Id.


        DeFeo filed the instant petition on August 26, 2008,
seeking a writ of mandamus compelling the Director to file a
motion for modification of DeFeo's term of imprisonment under 18
U.S.C. § 3582(c)(1), which is also known as a motion for
"compassionate release."  The Government's opposition was
received on January 7, 2009.


**The Court is Without Jurisdiction**


        Jurisdiction under "the mandamus statute is limited to
actions seeking to compel the performance of a nondiscretionary
duty."  Duamutef v. INS, 386 F.3d 172, 180 (2d Cir. 2004)
(citing Heckler v. Ringer, 466 U.S. 602, 616 (1984)).  Mandamus
may not be employed "to direct the exercise of judgment or
discretion in a particular way."  Wilbur v. United States ex
rel. Kadrie, 281 U.S. 206, 218 (1930).  Accordingly, a petition
for mandamus should be dismissed if it seeks to compel an action
by a government agency or head of an agency that is
discretionary.  Duamutef, 386 F.3d at 180.

DeFeo seeks to compel the Director to move for a

reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1),

which states that

    (A)  the court, upon motion of the Director of the
        Bureau of Prisons, may reduce the term of
        imprisonment . . . after considering the factors
        set forth in section 3553(a) to the extent that
        they are applicable, if it finds that --

    (i)  extraordinary and compelling reasons warrant such a
        reduction; or

    (ii) the defendant is at least 70 years of age, has served
        at least 30 years in prison, pursuant to a sentence
        imposed under section 3559(c), for the offense or
        offenses for which the defendant is currently
        imprisoned, and a determination has been made by the
        Director of the Bureau of Prisons that the defendant
        is not a danger to the safety of any other person or
        the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable
policy statements issued by the Sentencing Commission.

Federal courts have consistently held that the

Director's decision concerning whether to seek a sentence

reduction is a matter of discretion under § 3582(c)(1)(A). See,

e.g., Todd v. Fed. Bureau of Prisons, 31 F. App'x 833, 2002 WL

180708, at *2 (5th Cir. Jan. 11, 2002) ("Section 3582(c)(1)(A)

itself gives the [BOP] discretion to reduce the term of

imprisonment if 'extraordinary and compelling reasons warrant

such a reduction.'"); Jarvis v. Stansberry, No. 2:08 Civ. 230

(RAJ), 2008 WL 5337908, at *1 (E.D. Va. Dec. 18, 2008) ("18

6

U.S.C. § 3582(c)(1)(A) vests absolute discretion in the Director
of the [BOP] to seek, or not seek, the early release of an
inmate"); Gutierrez v. Anderson, No. 06-1714 (JRT/JSM), 2006 WL
3086892, at *2 n.1 (D. Minn. Oct. 20, 2006) ("BOP's decision to
recommend compassionate release is discretionary."); Villarreal
v. United States, No. Civ.A.1:04 CV 406 (HC), 2005 WL 1177873 at
*3 (E.D. Tex. May 17, 2005)("Title 3582(c)(1)(A)(i) grants the
director of the [BOP] the discretion to ask a court to reduce a
term of imprisonment"). Similarly, federal courts have
consistently held that the precursor to § 3582(c)(1)(A), 18
U.S.C. § 4205(g), gave the BOP discretion concerning whether to
seek a sentence reduction.[1] See, e.g., Fernandez v. United
States, 941 F.2d 1488, 1493 (11th Cir. 1991); Simmons v.
Christensen, 894 F.2d 1041, 1042-43 (9th Cir. 1990); Turner v.
United States Parole Comm'n; 810 F.2d 612, 615 (7th Cir. 1987)
("The absence of mandatory language in [Section 4205(g)]
immediately suggests the breadth of discretion characteristic of
nonreviewable authority.").

Because the Director's decision concerning whether to
seek a sentence reduction is a matter of discretion, federal
courts lack jurisdiction to issue a writ of mandamus compelling

---

[1] Section 4205(g) provided: "At any time upon motion of the Bureau of Prisons,
the court may reduce any minimum term to the time the defendant has served."
18 U.S.C. § 4205(g) (1985).

the Director to seek a sentence reduction for an inmate.
Heckler v. Ringer, 466 U.S. at 616 (1984) ("The common-law writ
of mandamus, as codified in 28 U.S.C. § 1361, is intended to
provide a remedy for a plaintiff . . . only if the defendant
owes him a clear nondiscretionary duty."); Duamutef, 386 F.3d at
180; Gutierrez, 2006 WL 3086892, at *2 n.1.

DeFeo has contended that a policy statement issued by
the BOP in 1998 committed it to move for a sentence reduction
whenever extraordinary and compelling circumstances exist
concerning an inmate. He further argues that the definition of
"extraordinary and compelling reasons" provided in the
Commentary to the United States Sentencing Guidelines (the
"Guidelines") is clear, unambiguous, and binding on the Director
such that it eliminates the Director's discretion to determine
whether to move for a sentence reduction.

BOP Program Statement 5050.46, which concerns BOP
motions under Section 3582, states in its "Program Objectives"
that "the expected results of the program are," among other
things, that "a motion for a modification of a sentence will be
made to the sentencing court only in particularly extraordinary
or compelling circumstances that could not reasonably have been
foreseen by the court at the time of sentencing" and that

8

"compassionate release motions will be filed with the sentencing judge in accordance with the statutory requirements of 18 U.S.C. § 3582." See Federal Bureau of Prisons, Department of Justice, Program Statement 5050.46 (May 19, 1998) ("Program Statement").

Although unforeseen compelling circumstances appear to exist, the Director is not bound by a statement of "expected results" in a BOP Program Statement. Program Statement 5050.46 expressly notes that the portions of 5050.46 constituting binding rules are in bold. All other statements in Program Statement 5050.46, including the language which DeFeo now seeks to characterize as a binding rule, are merely "implementing information" and, as such, do not mandate that the BOP adopt a particular course of action. Moreover, the stated objectives are phrased as necessary, not sufficient, conditions for the Director to make a sentence reduction motion.

Even if the statement of "expected results" were binding on the BOP, the question of whether circumstances are "extraordinary and compelling" is itself a discretionary issue. Furthermore, the necessary condition stated in the program objectives is not simply that "extraordinary or compelling circumstances" exist, but rather that these circumstances are "particularly extraordinary or compelling." The determination

9

as to whether circumstances are "particularly extraordinary and compelling" leaves the Director with substantial discretion.

DeFeo, however, contends that § 1B1.13 of the Guidelines provides a definition for "extraordinary and compelling reasons" that is non-discretionary and binding on the Director.  Section 1B1.13 states, in relevant part, that "[u]pon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment [if] the court determines that [] extraordinary and compelling reasons warrant the reduction."  Guidelines § 1B1.13(1)(A). Application Note 1(A) to this section further states that if "the defendant is not a danger to the safety of any other person or to the community," "extraordinary and compelling reasons exist under any of the following circumstances:"

(i)     The defendant is suffering from a terminal illness.

(ii)    The defendant is suffering from a permanent physical or medical condition, or is experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and for which conventional treatment promises no substantial improvement.

(iii)   The death or incapacitation of the defendant's only family member capable of caring for the defendant's minor child or minor children.

10

(iv)   As determined by the Director of the Bureau of
       Prisons, there exists in the defendant's case an
       extraordinary and compelling reason other than, or
       in combination with, the reasons described in
       subdivisions (i), (ii), and (iii).

Guidelines § 1B1.13, Application Note 1(A).

DeFeo infers from this Application Note that the

Director has no discretion to determine, for purposes of §

3582(c)(1)(A) and Guidelines § 1B1.13, whether circumstances are

"extraordinary and compelling" when any of the first three

circumstances listed in Application Note 1(A) exist.  However,

neither the statute nor the Guidelines indicates that this

phrase applies to the Director of the Bureau of Prisons, whose

motion is itself a precondition to the Court making a sentencing

reduction decision.

In addition, determining whether one of the first

three circumstances listed in Application Note 1(A) exists

leaves substantial room for discretion.  Resolving questions of

whether an illness is terminal, the ability to provide self care

is "substantially diminish[ed]," or a family member is "capable

of caring for the defendant's minor child" necessarily entails

the exercise of discretion.  See id.  Furthermore, even where

"extraordinary and compelling reasons" are found to exist,

11

discretion must be exercised in order to "determine that" these "extraordinary and compelling reasons warrant the reduction." Guidelines § 1B1.13. Therefore, even if § 1B1.13 of the Guidelines applies to the Director, discretion remains both as to whether "extraordinary and compelling reasons" exist and whether their existence warrants a sentence reduction.

The discretion of the Director presumably includes particular factors known to him, and the Director has no duty to move for a sentence reduction under any circumstances. See, e.g., Taylor v. Hawk-Sawyer, 39 F. App'x 615, 2002 WL 1453674, at *1 (D.C. Cir. 2002) (finding "[a]ppellant's conduct in helping to save the life of a correctional officer [to be] indeed commendable," but holding that § 3582(c)(1)(A) "does not provide a basis for the court to compel the Director to consider filing such a motion" through writ of mandamus). As this Court stated in connection with the Government's ability to move for a sentence reduction under Rule 35 of the Federal Rules of Criminal Procedure, the Director's ability to seek a sentencing reduction is "a power, not a duty." Defeo, 2008 WL 2557425, at *4. Although on this record the Court might well grant a motion by the Director for compassionate release, the power of a district court to compel official action by mandatory order is limited to nondiscretionary, plainly defined, and purely

12

ministerial duties.   Work v. Rives, 267 U.S. 175, 177 (1925);
Wilbur, 281 U.S. at 218.   "[W]here there is discretion . . .
even though its conclusion be disputable, it is impregnable to
mandamus."   United States ex rel. Alaska Smokeless Coal Co. v.
Lane, 250 U.S. 549, 555 (1919).   Therefore, this Court does not
have the jurisdiction to compel such a motion or, consequently,
to grant mandamus.

**Conclusion**

          For lack of jurisdiction, the petition is denied and
the action dismissed.

**New York, N.Y.**
**June     /9    , 2009**

                                           ROBERT W. SWEET
                                              U.S.D.J.

13