UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

FRANK JOHN DEFEO,

                 Petitioner,        08 Civ. 7513

   -against-                    MEMORANDUM OPINION

HARLEY G. LAPIN
(Director of United States Bureau
of Prisons),

                 Respondent.

------------------------------------X

**Sweet, D.J.**

Petitioner Frank John Defeo ("Defeo") has made an application for leave to appeal *in forma pauperis* this Court's denial of his application for a writ of mandamus. For the reasons set forth below, the application is denied.

**Prior Proceedings**

On May 23, 1991, Plaintiff was convicted on five counts in connection with conspiring to import and possess, with

intent to distribute, cocaine and heroin; employing a minor in narcotics trafficking; and importing and possessing, with intent to distribute, heroin.  After obtaining various adjournments of sentencing, DeFeo filed his first motion for a new trial on August 9, 1993, pursuant to Rule 33, Fed. R. Crim. P.  The Court denied that motion on June 6, 1994.  DeFeo thereafter filed a second Rule 33 motion for a new trial on April 28, 1995.  That motion was denied by an Opinion and Order of the Court dated December 27, 1996.

On June 6, 1997, Judge Lowe sentenced DeFeo to a term of 360 months' incarceration, to be followed by a life term of supervised release, and a mandatory special assessment.  Judgment was entered on June 24, 1997.

DeFeo subsequently appealed his conviction to the Second Circuit Court of Appeals.  The Second Circuit affirmed DeFeo's conviction by summary order dated May 20, 1998, United States v. DeFeo, 1998 WL 391115 (2d Cir. May 20, 1998), and denied rehearing by order dated July 17, 1998.

On August 23, 1999, DeFeo filed a motion pursuant to 28 U.S.C. § 2255 alleging that he had been denied constitutionally effective assistance of counsel.  New counsel

1

filed a memorandum in support of the petition on April 28, 2000, and amended the petition by letter of August 1, 2000, to include an Apprendi claim.  This Court denied DeFeo's § 2255 motion in an order dated July 25, 2001.  See United States v. DeFeo, 153 F. Supp. 2d 453 (S.D.N.Y. 2001).  The Second Circuit dismissed DeFeo's appeal from that order on March 25, 2002.

On January 19, 2005, DeFeo filed a motion to permit successive § 2255 petitions, which the Second Circuit denied on February 18, 2005.

On September 30, 2006, DeFeo moved to compel the Government to file a motion under Rule 35(b), Fed. R. Crim. P., to reduce his sentence.  On January 22, 2007, the Court denied the Rule 35 motion without prejudice.

On April 22, 2008, DeFeo filed a motion for modification of his term of imprisonment under 18 U.S.C. § 3582(c)(1) or, in the alternative, for a writ of mandamus under 28 U.S.C. § 1651.  On June 26, 2008, the Court denied these motions.  The motion to modify the terms of DeFeo's imprisonment was denied on the ground that the Government and the Bureau of Prisons ("BOP") had not moved to reduce his sentence, as required by statute, and DeFeo failed to make a threshold

showing that these refusals to move were based on a suspect reason or were not rationally related to any legitimate Government end.  United States v. Defeo, No. 90 Cr. 250 (RWS), 2008 WL 2557425, at *4 (S.D.N.Y. June 26, 2008).

On August 26, 2008, Defeo filed a motion seeking a writ of mandamus compelling the Director of the BOP to file a motion for modification of DeFeo's term of imprisonment under 18 U.S.C. § 3582(c)(1), which is also known as a motion for "compassionate release."  The Court denied Defeo's request for a writ of mandamus on June 22, 2009, concluding that the Court lacked jurisdiction to compel the Director to seek a sentence reduction where such a decision resided within the Director's discretion.  See Defeo v. Lapin, No. 08 Civ. 7513 (RWS), 2009 WL 1788056, at *5 (S.D.N.Y. June 22, 2009).

**Standard for *in forma pauperis* Determination**

"The decision of whether to grant a request to proceed in forma pauperis is left to the District Court's discretion under 28 U.S.C. § 1915.  The Court's discretion is limited in that: 'An appeal may not be taken in forma pauperis if the trial

3

court certifies in writing that it is not taken in good faith.'" Fridman v. City of New York, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002) (quoting 28 U.S.C. § 1915(a)(3)) (internal citations omitted); see also Fed. R. App. P. 24(a)(3)(A) ("A party . . . may proceed on appeal in forma pauperis . . . unless the distrct court . . . certifies that the appeal is not taken in good faith . . . ."). The standard for "good faith" in pursuing an appeal is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of an issue not frivolous."); see also Linden v. Harper & Row Publishers, 490 F. Supp. 297, 300 (S.D.N.Y. 1980) (applying objective "good faith" standard to civil case).

Defeo's petition states that he intends, on appeal, to demonstrate the injustice of his continued incarceration in light of his terminal illness, the lack of access to adequate health care, and his assistance in the removal of corrupt BOP officials and the recovery of contraband and illegal narcotics. Acknowledging the significant assistance Defeo has provided the government while incarcerated, this Court has twice carefully considered Defeo's request for a reduction in sentence and has twice concluded that the it lacks the authority to order the relief sought. Therefore, pursuant to 28 U.S.C. § 1915(1)(3),

4

the Court finds that Defeo's appeal cannot be taken in good faith and his application to proceed on appeal in forma pauperis is denied.

It is so ordered.

New York, N.Y.
August 25, 2009

ROBERT W. SWEET
U.S.D.J.

5